IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CELIDA M. MARTINEZ-PEREZ [5],

Defendant.

CRIMINAL NO.  08-162 (ADC)

**REPORT AND RECOMMENDATION**

Defendant Célida M. Martínez-Pérez was charged in Count One and the forfeiture allegation of a thirteen counts Indictment and she has agreed to plead guilty to Count One. Count One charges that, from in or about September 2002 through in or about June 2006, in the District of Puerto Rico, and within the jurisdiction of this Court, this defendant,  (5) Célida M. Martínez-Pérez, together with co-defendants (1) Edwin Jiménez-Irizarry, (2) Ivette Hernaiz-Rivera, (3) Ana I. Pantojas Maldonado, (4) William  Díaz-Meléndez,  (6) Gladys Torres Santiago, (7) José R. Lebrón-Robles, and (8) Roselia Rivera-Rosa, knowingly and willfully conspired and agreed with each other, and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, being agents of the Puerto Rico Department of Education, a State government agency that received in each one year period from 2002 through 2006 benefits in excess of $10,000 under a Federal Program involving a grant, contract, subsidy, loan guarantee, insurance, or other form of Federal assistance, did knowingly and intentionally misapply, embezzle, steal, obtain by fraud, and otherwise without authority convert to their own personal use, without being the rightful owners, property valued at $5,000 or more, that is,

United States of America v. Célida M. Martínez-Pérez [5]
Criminal No.  08-162 (ADC)
Report and Recommendation
Page 2

approximately four hundred fifty thousand dollars ($450,000), which was owned by and under the care, custody, and control of the Puerto Rico Department of Education.  All in violation of Title 18, <u>United States Code</u>, Section 666(a)(1)(A)(i)(ii) and 371.

Defendant appeared before this Magistrate Judge on September 12, 2008, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by  Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medications, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Francisco J. Adams-Quesada, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Célida M. Martínez-Pérez [5]
Criminal No. 08-162 (ADC)
Report and Recommendation
Page 3

consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Adams-Quesada, indicated she freely and voluntarily waived those rights and understood

the consequences.  During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offense as to which she was pleading guilty.  The penalty for the offense charged in Count One is term of imprisonment of not more than five (5) years, a fine of not more than two hundred and fifty thousand dollars ($250,000.00), a term of supervised release of not more than one (1) year in addition to any term of incarceration, all pursuant to Title 21, United States Code, Section 841(b)(1)(B).  The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund.

Pursuant to paragraph five of the Plea Agreement, defendant is aware that the Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.  The defendant is aware that in some instances, the Court may impose restitution to the victim.  As part of this plea agreement, and should the Court impose restitution upon the defendant, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500).

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement" made pursuant to Rule 11(c)(1)(A) & (B) FRCP ("the Agreement") and "Plea Agreement Supplement" were shown to defendant, verifying her signature and initials on each and every page.     Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement that appears in paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, was further elaborated and explained. Pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level is of Six (6).  Pursuant to U.S.S.G. § 2B1.1(b)(1), a six (6) level increase is warranted because the offense involved more than $30,000.  Pursuant to U.S.S.G. § 3E1.1, a two (2) level reduction is warranted for acceptance of responsibility. Therefore, the Total Offense Level is of Ten (10), yielding an imprisonment range of six (6) to twelve (12) months, assuming a Criminal History Category of I.

United States of America v. Célida M. Martínez-Pérez [5]
Criminal No. 08-162 (ADC)
Report and Recommendation
Page 6

The parties agree to recommend a sentence of two (2) years of probation. The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a).

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties other than 5K1.1 or Rule 35(b) motion filed by the United States within its sole discretion. The parties agree that any request by the defendant for an adjustment, departure, or a lower sentence will be considered a material breach of this Plea Agreement and the United States will be able to request the withdrawal of the Plea Agreement.

The parties make no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph fifteen (15) of the Agreement, the United States, after sentencing, will request the dismissal of the remaining counts of the Indictment pending against the defendant, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was specifically informed that the above sentencing calculations were not binding for the sentencing court, but were only estimates of possible terms of her sentence, which may always be imposed, at the sole discretion of the court, up to the maximum

penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two.  Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Government's Version of the Facts, which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of  counsel for the government also appears.

Defendant was explained the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have

a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed in this case both defendant and the government may appeal the sentence of the court.[2]

Count One of the Indictment was read in open Court to defendant and she stated she understood the charges and that she was pleading guilty to Count One. Defendant was provided an opportunity to see and examine the Indictment, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 08–162 (ADC).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 08-162 (ADC).

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eleven (11) a waiver of appeal.

United States of America v. Célida M. Martínez-Pérez [5]
Criminal No.  08-162 (ADC)
Report and Recommendation
Page 9

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M.

Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 12th day of September of 2008.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE